UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LARRY  JOHNSON,                          )
CHRISTINE O. JOHNSON,                     )
                                          )
                    Plaintiffs,           )
                                          )     No. 1:14-cv-00730-SEB-MJD
          vs.                             )
                                          )
GLOBUS MEDICAL, INC.,                     )
ANONYMOUS PHYSICIAN (JKC),                )
                                          )
                    Defendants.           )


## REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Compel Production of Discovery.  [Dkt. 29.]

However, before that issue may be addressed, the Court must first address whether it has subject

matter jurisdiction over this case.  Accordingly, the Magistrate Judge recommends that the

matter be **REMANDED** to state court for lack of subject matter jurisdiction.

### I.  Background

On April 7, 2014, Larry and Christine Johnson ("Plaintiffs") filed their Complaint for

Damages in the Marion County Superior Court alleging products liability against Defendant

Globus Medical, Inc. ("Globus") and medical malpractice against Defendant Anonymous

Physician (JKC) ("Physician").  [Dkt. 1-1.]  One month later, Globus removed the case to this

Court on account of the Physician's anonymity and the completely diversity between Plaintiffs

and Globus.  [Dkt. 1.]  However, on May 29, 2014 Physician's counsel filed a notice of

appearance before the Court, and the Magistrate Judge issued an Order to Show Cause why, if

the Physician is a resident of Indiana, the case should not be remanded for lack of subject matter jurisdiction. [Dkt. 13.] In the Physician's Verified Response to the Order to Show Cause, his or her counsel, Brett T. Clayton, affirmed and stated that "Anonymous Physician (JKC) is a citizen of the State of Indiana." [Dkt. 14.] Despite this affirmation of lack of complete diversity, Globus filed a Response to the Court's Order to Show Cause, asserting that the Physician's residency should still be ignored upon consideration of the Court's jurisdiction over the matter. [Dkt. 15.] Globus has now moved to compel the production of discovery [Dkt. 29], but before ruling on the motion the Court must first address whether it has jurisdiction over the matter.

## II. Discussion

"It is well settled that the jurisdiction of the federal courts is limited; no presumption of federal jurisdiction exists." *Preston v. Purtell*, 410 F.2d 234, 236 (7th Cir. 1969). Accordingly, it is the district court's "nondelegable duty to police the limits of federal jurisdiction with meticulous care." *Mkt. St. Associates Ltd. P'ship v. Frey*, 941 F.2d 588, 590 (7th Cir. 1991). When complete diversity exists among the parties and the amount in controversy exceeds $75,000, the district court has subject matter jurisdiction over a case even if federal law is not in question. 28 U.S.C. § 1332(a). However, if any one plaintiff and any one defendant are citizens of the same State, jurisdiction cannot be based upon 28 U.S.C. § 1332, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded." 28 U.S.C. § 1447(c) (emphasis added).

Globus first asserts that federal jurisdiction is appropriate pursuant to the plain language of Title 28 of the United States Code, which declares that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. §

1441(b).[1]  The commentary on the 1988 revisions adding the reference to fictitious parties clarifies that a "fictitious defendant" is an "unknown defendant," such as a John Doe.  In other words, "the fictitious defendant in diversity citizenship cases" is a party "whom the plaintiff knows to exist, or **believes to exist, but can't identify**." 28 U.S.C.A § 1441 (Commentary of 1988 and 1990 Revisions of Section 1441: The 1988 Amendment of Subdivision (a) (emphasis added)).  Here, the Plaintiffs can indeed identify the Physician, but are currently prohibited from using his or her name in court filings pursuant to Indiana's Medical Malpractice Act (MMA), which protects the Physician's identity until the medical review panel can make a finding regarding the alleged malpractice.  *See Kho v. Pennington*, 875 N.E.2d 208, 209-16 (Ind. 2007).  Thus, the Physician is not an unknown "fictitious" party as contemplated when the language of § 1441 was amended, and Plaintiffs' use of the term "Anonymous" in naming the Physician in this lawsuit does not support Globus's contention that the case should not be remanded.

Second, Globus reiterates that "Plaintiffs have used a fictitious name" pursuant of the requirements of the MMA and that such naming falls under the exception from diversity jurisdiction consideration delineated in § 1441.  Again, Globus is confusing the anonymous naming of a known defendant for confidentiality purposes with the naming of a fictitious defendant who has yet to be identified and may not even exist.  The terms of the MMA are clear: "a claimant may commence an action in court for malpractice at the same time the claimant's proposed complaint is being considered by a medical review panel," but the "complaint filed in court may not contain **any information that would allow a third party to identify the defendant**."  Ind. Code. 34-18-8-7 (emphasis added).  The clear purpose of this provision is to protect the reputation of the accused medical professional until the medical review panel has the

---

[1] Globus actually attributes a similar quote to 28 U.S.C. § 1441(a), but this is incorrect.  The relevant language now resides in subsection (b).

3

chance to review the allegations.  *See Kho v. Pennington*, 875 N.E.2d 208, 215 (Ind. 2007).  This

purpose of protection of reputation is entirely distinguishable from that of the "fictitious

defendant" exception to § 1441—that it would be unfair to place the burden on the known

defendants to determine the residency of any unknown defendants upon possible removal from

state court when the plaintiff him or herself was not able to make that determination before filing

the suit.  28 U.S.C.A § 1441 (Commentary of 1988 and 1990 Revisions of Section 1441: The

1988 Amendment of Subdivision (a)).  It is entirely possible for a plaintiff to know the identity

of a medical defendant while still naming him or her as anonymous pursuant to the MMA, and

the terms of the MMA do not prevent the plaintiff or any other party from identifying the

residency of such a medical defendant, so long as the identification would not allow a third party

to identify the defendant.  Thus, Globus's assertion that the MMA's anonymity requirement

mandates that all MMA medical defendants' residency must be ignored for the purposes of

evaluating diversity jurisdiction pursuant to § 1441 does not hold water.

Globus then walks through the reasoning in *Thornburg v. Stryker Corporation*, also of

the Southern District of Indiana, in support of its interpretations of the MMA and § 1441, which

the Court has addressed above.  [Dkt. 15 at 3-4.]  The Court acknowledges that, in *Thornburg*,

the court noted that "the Court may not consider the anonymous Indiana Defendants' citizenship

to assess the existence of diversity jurisdiction."  1:05-CV-1378-RLY-TAB, 2006 WL 211952

(S.D. Ind. Jan. 27, 2006).  Since then, however, the court has found that a known, albeit

anonymous, defendant cannot be disregarded as "fictitious" when the nondiverse citizenship is

known to the court, remanding the matters with MMA claims to state court.  *See Miller v.*

*Anonymous Corp. A*, 1:12-CV-562-TWP-DML, 2012 WL 3236304 (S.D. Ind. Aug. 7, 2012);

*Caywood v. Anonymous Hosp.*, 856 F. Supp. 2d 1001 (S.D. Ind. 2012) *aff'd*, 1:11-CV-1313-

TWP-MJD, 2012 WL 3264572 (S.D. Ind. Aug. 9, 2012).  Recently, Judge DeGuilio of the

Northern District of Indiana did follow *Thornburg* when presented with a similar argument, but

in that case the defendants in question, Defendants John Does 1-10, were truly unknown.

*Kennedy v. Schneider Elec.*, 2:12-CV-122-JD, 2013 WL 683360 (N.D. Ind. Feb. 22, 2013).

Indeed, when "the actual identities of the anonymous hospital and doctor are not known or

before the Court," remand is not appropriate.  *Ossim v. Anulex Technologies, Inc.*, 1:14-CV-

00254-TWP-DKL, 2014 WL 2876760 (S.D. Ind. June 24, 2014) *reconsideration denied*, 1:14-

CV-00254-TWP-DKL, 2014 WL 4437501 (S.D. Ind. Sept. 9, 2014).

    The recent case law reviewed above clearly distinguishes matters where the citizenship of

the anonymous defendant is known, as is the case here, from cases where the defendant is truly

unknown to both the Court and to the parties.  Here, not only is the identity of the Physician

known to the parties, but counsel for the Physician has filed an appearance on his or her behalf.

Further, in response to the Court's Order to Show Cause, the Physician's counsel certified that

the Physician is a resident of the State of Indiana.  [Dkt. 14.]  Because the Plaintiffs are also

residents of the State of Indiana [Dkt. 1-1 at 1], it is abundantly clear to the Court that diversity

jurisdiction does not exist.  Accordingly, subject-matter jurisdiction is lacking, and the Court,

pursuant to federal law, must remand the case to state court.  28 U.S.C. § 1447(c).

    In a final effort to salvage federal jurisdiction,[2] Globus makes an argument of equity.  In

the off chance that Plaintiffs dismiss or settle their claims against Anonymous Physician (JKC),

Globus indicates that complete diversity would exist as between Globus and the Plaintiffs but by

---

[2] Defendant Globus additionally makes the argument that it would be "unfair" to remand this matter because a substantially similar matter remains before the Southern District of Indiana.  [Dkt. 15 at 4-5 (referring to Cause No. 1:13-cv-1275-SEB-TAB).]  However, that matter is not before this Magistrate Judge, and therefore it is not within the power of the undersigned to recommend a remand should the alleged similarity between the two cases extend to the lack of complete diversity, as required by 28 U.S.C. § 1447(c).

that time the statute of limitations for removal to federal court would likely have run. [Dkt. 15 at 4.] Although Globus asserts that this hypothetical situation is cause for maintaining federal jurisdiction, the Court is bound by its duty to "police the limits of federal jurisdiction with meticulous care." *Frey*, 941 F.2d at 590. This strict standard does not permit the Court to carve such an exception to its duty to remand the case pursuant to § 1447, and the Court will abide by its duty to recommend a **REMAND**.

### III.   Conclusion

For the aforementioned reasons, the Court should order that the matter be **REMANDED** to state court for all further proceedings. Because no evidence has been presented to demonstrate that Globus was aware of the lack of diversity at the time of removal, the Court finds that no award of costs or expenses pursuant to 28 U.S.C. § 1447(c) is warranted for improper removal. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date:  10/16/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Brett T. Clayton
EICHHORN & EICHHORN LLP
bclayton@eichhorn-law.com

Michael Eugene Simmons
HUME SMITH GEDDES GREEN & SIMMONS
msimmons@humesmith.com

Dina M. Cox
LEWIS & WAGNER
dcox@lewiswagner.com

Janelle P. Kilies
LEWIS WAGNER LLP
jkilies@lewiswagner.com

J  Killies
LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, In 46202