UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LARRY JOHNSON, <br> CHRISTINE O. JOHNSON, <br><br> Plaintiffs, <br><br> vs. <br><br> GLOBUS MEDICAL, INC., <br> ANONYMOUS PHYSICIAN (JKC), <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 1:14-cv-00730-SEB-MJD |

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [DKT. NO. 31]**

On October 16, 2014, the Magistrate Judge recommended that we remand this case to the state court for lack of subject matter jurisdiction. [Dkt. No. 31.] On October 29, 2014, Defendant Globus Medical, Inc. filed its Objection to Report and Recommendation. [Dkt. No. 32.] Plaintiffs filed no response to the Magistrate Judge's Report and Recommendation or the Defendant's objections. For the following reasons, we adopt the Magistrate Judge's Report and Recommendation and order this case remanded to state court.

**I.   Standard of Review.**

With respect to pretrial matters dispositive of a claim or defense, the district court reviews "*de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Should a party make objections to the Magistrate Judge's Report and Recommendation, such objections must be "specific" and "written."

*Id.* at 72(b)(2). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* at 72(b)(3).

The federal circuits are divided on their treatment of motions to remand decided by magistrate judges. Some circuits have held that motions to remand are not dispositive of any claim or defense, and thus magistrate judges can rule on those motions absent the parties' consent. Other circuits have determined that remand issues are case-dispositive matters and require a report and recommendation from the magistrate judge prior to disposition. *See Rasberry v. Capitol County Mut. Fire Ins. Co.*, 609 F. Supp. 2d 594, 597 (E.D. Tex. 2009) (collecting cases). The issue is a significant one. We review the written objections to a magistrate judge's non-dispositive rulings under a clearly erroneous or contrary to law standard. Fed. R. Civ. P. 72(a). Whereas we review the specific written objections to a magistrate judge's report and recommendation of dispositive pretrial matters *de novo*. *Id.* at 72(b).

Although it does not appear that the Seventh Circuit has been afforded the opportunity to consider this issue, the Sixth, Tenth, and Third Circuits have held that because remand orders banish litigants from federal court, they are the equivalent of dispositive actions that must ultimately be determined by a district judge. The Second Circuit concluded:

> Because a § 1447(c) remand order "determine[s] the fundamental question of whether a case could proceed in a federal court," *U.S. Healthcare,* 159 F.3d at 146, it is indistinguishable from a motion to dismiss the action from federal court based on a lack of subject matter jurisdiction for the purpose of § 636(b)(1)(A). A motion to remand is not a "pretrial matter" under

2

§ 636(b)(1)(A), and a magistrate judge presented with such a motion should provide a report and recommendation to the district court that is subject to *de novo* review under Rule 72.

*Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008) (citing *In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998) ("While we recognize that after a remand, a case may go forward in the state court, still the order for remand conclusively terminates the matter in the federal court against the will of the party who removed the case.")); *see also Albright v. F.D.I.C.*, 21 F.3d 419, *2 at n.4 (1st Cir. 1994). The Third Circuit noted:

> An order of remand simply cannot be characterized as nondispositive as it preclusively determines the important point that there will not be a federal forum available to entertain a particular dispute. In our view, a magistrate judge may not, without the consent of the parties, decide this critical issue at the core of the exercise of federal judicial power.

*In re U.S. Healthcare*, 159 F.3d at 145.

District courts in the Seventh Circuit have repeatedly held that remand questions are dispositive and reviewed *de novo* by the district court on a report and recommendation from the magistrate judge. *See also Kulley v. Tyson Fresh Meats, Inc.*, No. 4:13–cv–04092–SLD–JAG, 2014 WL 128074, at *1-2 (C.D. Ill. Jan. 14, 2014) (district judge considering magistrate judge's recommendation on remand question as a "dispositive issue" and thus reviewed *de novo*); *Antonio v. Wal-Mart*, No. 1:07-cv-006-JDT-TAB, 2007 WL 2884371 (S.D. Ind. Sept. 27, 2007) (then district court Judge Tinder adopting Magistrate Judge Baker's report and recommendation on motion to remand after *de novo* review); *Thomas v. HCH Admin. Inc.*, Case No. 05-1327, 2006 WL 929329 (C.D. Ill. April 10, 2006) (reviewing *de novo* specific written objections to magistrate judge's report and recommendation related to remand); *see contra Jackson Nat. Life Ins. Co. v. Greycliff*

3

*Partners, Ltd.*, 960 F. Supp. 186, 188 (E.D. Wis. 1997) ("Because a motion to remand is not dispositive, this court will adopt the magistrate judge's decision unless it is clearly erroneous or contrary to law.").

We concur with the opinions of the Sixth, Tenth, and Third Circuits and the majority of district courts in the Seventh Circuit that hold that remand issues are dispositive because a motion to remand conclusively terminates the matter in the federal court against the will of the party who removed the case. Accordingly, we review the Magistrate Judge's recommendation to remand here under a *de novo* standard of review.

## II. Background and Procedural History.

The Magistrate Judge set forth the basic facts and procedural history of the case, to which no party objected. To briefly summarize, Plaintiffs filed their complaint in Marion Superior Court asserting products liability and medical malpractice claims against Globus Medical, Inc. and Anonymous Physician (JKC). Anonymous Physician's identity was withheld because Indiana's Medical Malpractice Act (MMA) protects the physician's identity until the medical review panel can make a finding regarding the alleged malpractice. *See Kho v. Pennington*, 875 N.E.2d 208, 209-11 (Ind. 2007); Ind. Code. § 34-18-8-7 ("[A] claimant may commence an action in court for malpractice at the same time the claimant's proposed complaint is being considered by a medical review panel," but the "complaint filed in court may not contain any information that would allow a third party to identify the defendant."). Defendant Globus removed the case on the basis of diversity jurisdiction.

4

When Anonymous Physician's attorney filed a notice of appearance, the Magistrate Judge issued an Order to Show Cause why, if Defendant Anonymous Physician is an Indiana resident, the case should not be remanded for lack of subject matter jurisdiction. [Dkt. No. 13.] After considering Defendant Anonymous Physician's citizenship and Defendant Globus's response, the Magistrate Judge recommended that this case be remanded to state court.

### III. Federal Diversity Jurisdiction and Anonymous Defendants.

#### A. Limited Federal Diversity Jurisdiction.

"It is well settled that the jurisdiction of the federal courts is limited; no presumption of federal jurisdiction exists." *Preston v. Purtell*, 410 F.2d 234, 236 (7th Cir. 1969). Accordingly, it is the district court's "nondelegable duty to police the limits of federal jurisdiction with meticulous care." *Market St. Assocs. Ltd. P'ship v. Frey*, 941 F.2d 588, 590 (7th Cir. 1991). When complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the district court has subject matter jurisdiction over a case even if federal law is not in question. 28 U.S.C. § 1332(a). However, if any one plaintiff and any one defendant are citizens of the same State, jurisdiction cannot be based upon 28 U.S.C. § 1332, and, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).

Here, Plaintiffs are citizens of the State of Indiana. Defendant Globus Medical is a Delaware corporation having its principal place of business in Pennsylvania. [Dkt. No. 1 at ¶ 9-10.] Globus removed the case "[b]ecause Co-Defendant, Anonymous Physician

5

(JKC), has been named as an anonymous party, his citizenship shall be disregarded for purposes of removal according to section 28 U.S.C.A. § 1441(b)." [*Id.* at ¶ 11.] Section 1441(b) provides: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." According to the verified filing of Anonymous Physician's lawyer, the doctor is a citizen of Indiana. Defendant Globus asks us to ignore that Plaintiffs and Anonymous Physician share a state of citizenship based on 28 U.S.C. § 1441(b).

When urging us to ignore Anonymous Physician's state of citizenship, Globus overstates Seventh Circuit law that the requirements for diversity jurisdiction must be satisfied only at the time the suit is filed. [Dkt. No. 32 at 2 ("The Seventh Circuit has held that the requirements of diversity jurisdiction must be satisfied only at the time a suit is filed.") (citing *Grinnell Mut. Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997); *Smith v. Widman*, 627 F.2d 792, 799 (7th Cir. 1980)).] Globus's argument is mistaken on two grounds.

First, the court *is* analyzing subject matter jurisdiction at the outset of the suit. We are not faced with the circumstance where a party is added or dismissed during the litigation or where the amount in controversy no longer exceeds $75,000. Instead, the court is considering whether at the time of filing, the citizenship of Anonymous Physician forecloses diversity jurisdiction. Second, Globus's argument ignores 28 U.S.C. § 1447(c) which provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." [*See* Dkt. No. 31 at 2.] The

cases cited by Globus where the court retained jurisdiction despite a change in circumstance involved a reduction in the amount in controversy and a change in the parties' citizenship after diversity jurisdiction was satisfied. Globus's blanket statement regarding jurisdiction ignores circumstances where cases *are* remanded if diversity jurisdiction is destroyed, such as the addition of non-diverse parties (*see, e.g.*, 28 U.S.C. § 1447(c); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009)), or the identification of a previously anonymous defendant whose citizenship is the same as plaintiff's (*see* 28 U.S.C.A § 1441 (Commentary of 1988 and 1990 Revisions of Section 1441: The 1988 Amendment of Subdivision (a)) ("[When] the unknown defendant becomes known, and it also becomes known that his citizenship defeats diversity", "[t]he result may be a remand of the case for want of federal jurisdiction, unless the plaintiff considers dropping the spoilsport from the case.")).

### B. 28 U.S.C. § 1441 and Anonymous Defendants.

Defendant Globus is, however, correct that the plain language of 28 U.S.C. § 1441(b)(1) provides: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." The commentary to the 1988 revisions of § 1441 (which added the reference to fictitious parties) clarifies that a "fictitious defendant" is an "unknown defendant," such as a John Doe. In other words, "the fictitious defendant in diversity citizenship cases" is a party "whom the plaintiff knows to exist, or *believes to exist, but can't identify*." 28 U.S.C.A § 1441 (Commentary of 1988 and 1990 Revisions of Section 1441: The 1988 Amendment of Subdivision (a) (emphasis added)). The 1998

7

Amendments explain the concern addressed by § 1441's "fictitious" defendant exception: that named defendants cannot satisfy their burden of showing complete diversity "because of the unknown defendant: among the things unknown is his, her, or its citizenship." *Id.* (1998 Commentary). The Commentary provides that

> The remedy that Congress adopted is an amendment that solves the named defendants' problem – for the moment – by permitting them to exclude the unknown defendant from a citizenship measure in determining removability. If they do remove the case, however, the problem may return later, when, in the course of the proceedings in federal court, the unknown defendant becomes known, and it also becomes known that his citizenship defeats diversity. The result may be a remand of the case for want of federal jurisdiction, unless the plaintiff considers dropping the spoilsport from the case.

*Id.*

We are aware of no Seventh Circuit opinion applying 28 U.S.C. § 1441(b)'s fictitiously-named or anonymous defendant exception to the required complete diversity. The Seventh Circuit's district court cases reach differing conclusions on the proper consideration of anonymous defendants' citizenship – specifically those where defendants are known but unidentified as a result of the MMA's prohibition on identifying medical providers in litigation prior to the conclusion of a medical board review. Cases cited by Globus in support of its position have *not considered* the citizenship of anonymous defendants. *See Shepherd v. Covidien, Inc.*, Case No. 3:12-cv-00014-TLS-CAN, 2014 WL 1207516 (N.D. Ind. Mar. 24, 2014) ; *Thornburg v. Stryker*, No. 1:05-cv-01378-RLY-TAB, 2006 WL 211952 (S.D. Ind. Jan. 27, 2006). Cases cited by the Magistrate Judge in support of his analysis draw a distinction between unknown and fictitious defendants and known, anonymous defendants. Those courts *considered* the citizenship of the known, yet

anonymous defendants to determine whether subject matter jurisdiction on the basis of diversity existed. *Caywood v. Anonymous Hosp.*, 856 F. Supp. 2d 1001, 1003 (S.D. Ind. 2012); *Miller v. Anonymous Corp. A*, No. 1:12-cv-562-TWP-DML, 2012 WL 3236304 (S.D. Ind. Aug. 7, 2012); *Ossim v. Anulex Techs., Inc.*, Case No. 1:14-cv-00254-TWP-DKL, 2014 WL 2876760 (S.D. Ind. June 24, 2014); *Ropp v. Stryker*, No. 1:10-cv-0008-JMS-MJD, 2011 WL 304770 (S.D. Ind. Jan. 26, 2011) (issuing a show cause order related to the apparent citizenship of anonymous defendants that destroyed diversity jurisdiction, which was rendered moot by defendants' waiver of anonymity).

In *Caywood v. Anonymous Hospital*, a decision squarely on point here and also authored by Magistrate Judge Dinsmore, the court highlighted the 1988 and 1990 Commentary to 28 U.S.C. § 1441 defining a fictitious defendant as a party "whom the plaintiff knows to exist, or believes to exist, **but can't identify**." 856 F. Supp. 2d 1001, 1003 (S.D. Ind. 2012). Because the defendant hospital in that case was not fictitious, but anonymous (and was represented by counsel), the court found its identity must be taken into account when determining whether diversity jurisdiction exists.[1] The court remanded the case because complete diversity did not exist after taking into account the citizenship of the anonymous defendant. *Id.*; *see also Miller v. Anonymous Corp. A*, No. 1:12-cv-562-TWP-DML, 2012 WL 3236304, at *2 (S.D. Ind. Aug. 7, 2012) (agreeing with the analysis

---

[1] Globus claims that in *Caywood*, "plaintiff revealed [the] identity of anonymous hospital in [the] complaint." [Dkt. No. 32 at 5.] This is inaccurate. The *Caywood* plaintiff submitted a proposed complaint to the Indiana Department of Insurance and "[i]n the Proposed Complaint, which was not filed in court, Caywood revealed the identity of the Hospital." *Caywood*, 856 F. Supp. 2d at 1002. After the case was removed, plaintiff filed a motion to remand that identified the anonymous defendant as an Indiana citizen. *Id.*

9

of *Caywood* and considering the citizenship of anonymous defendants (and one anonymous defendant that identified itself) and ordered remand);[2] *Ossim v. Anulex Techs., Inc.*, Case No. 1:14cv-254-TWP-DKL, 2014 WL 2876760, at *1 (S.D. Ind. June 24, 2014) (holding that because the actual identities of the anonymous hospital and doctor were not know, remand was not proper).

Globus points to a case from the Northern District of Indiana and a 2006 Southern District of Indiana case to support its position that 28 U.S.C. § 1441 should be applied without regard for whether the fictitious defendant is unknown or simply anonymous. First, Globus cites *Shepherd v. Covidien, Inc.*, a 2014 Northern District of Indiana case in which the court's jurisdiction was based on diversity and the anonymously named medical providers were sued under fictitious names. Case No. 3:12-cv-00014-TLS-CAN, 2014 WL 1207516 (N.D. Ind. Mar. 24, 2014). Globus distorts the procedural posture of the *Shepherd* case in arguing that "diversity jurisdiction exists at the onset of a case continues until the end of the case, even when the plaintiffs amended their complaint to add the true names of the anonymous defendants." [Dkt. No. 32 at 2 (citing *Shepherd*, 2014 WL 1207516 at *3-4).] Nowhere in the *Shepherd* opinion is the citizenship of the anonymously-named defendants disclosed. Plaintiffs never amended the complaint to add the true names of the anonymous defendants and summary judgment was entered in favor of "Anonymous

---

[2] Globus argues that the anonymous defendants in *Miller* voluntarily identified themselves. This is only partly accurate. Only the hospital, Indiana University Health, Inc., d/b/a Riley Hospital for Children, identified itself. The doctor remained anonymous but disclosed his citizenship to be the same as plaintiff's. *Miller*, 2012 WL 3236304 at *1.

Physician" and "Anonymous Health Care Professional Corp." *Shepherd*, 2014 WL 1207516, at *4.

Contrary to Globus's argument, the *Shepherd* court did not hold that the named defendant's dismissal defeated complete diversity; rather it held that "this Court continues to have jurisdiction over this matter despite [the named defendant's] dismissal and because there has been no change with respect to the remaining healthcare providers." *Id.* at *2-3. It does not appear from the written opinion that the identities or citizenship of the anonymous defendants were known or considered by the court. In fact, the order granting summary judgment was entered in favor of the *anonymous* defendants. The *Shepherd* court uses the terms "anonymous" and "fictitious" synonymously and makes no distinction between the two, which is the basis of the Magistrate Judge's analysis here.

Globus also relies upon a decision handed down prior to the more recent trend on this issue that reached the opposite conclusion. In *Thornburg v. Stryker*, No. 1:05-cv-01378-RLY-TAB, 2006 WL 211952 (S.D. Ind. Jan. 27, 2006), the plaintiff alleged that the anonymous defendants were Indiana citizens. Following an unpublished 2001 order, *Bush v. Hospital 1*, IP 00-1818-C-M/S (Jan. 22, 2001), the court held that where plaintiff had not yet amended her complaint to specifically name the anonymous defendants, the "Court may not consider the anonymous Indiana Defendants' citizenship to assess the existence of diversity jurisdiction." *Thornburg*, 2006 WL 211952, at *2. The court reasoned as follows:

> To hold otherwise would place Defendants' right to removal in peril because the completion date of the medical panel process is uncertain and removal is constrained by a statute of limitations. Further, there is no guarantee that

> Plaintiff will ever seek to amend her complaint. As the named Defendants noted, Plaintiff may settle her claims against the anonymous Defendants, face an adverse ruling from the panel that might preclude any amendment, or otherwise decide not to seek to amend her complaint. Thus, removal of this case is proper, and the Magistrate Judge recommends that Plaintiff's motion to remand be denied.

*Id. Thornburg* predates the more recent and opposite trend in this district.

### C. Application to the Facts at Issue.

After considering the reasoning of recent cases in this district along with the Commentary to 28 U.S.C. § 1441's 1988 and 1990 revisions, we are persuaded that the citizenship of a known, yet anonymous defendant must be factored into a diversity jurisdiction analysis. We concur with the Magistrate Judge that a significant distinction exists between an unidentifiable "fictitious" defendant and an identifiable "anonymous" defendant. The purpose of disregarding the citizenship of "fictitious" defendants is to provide an opportunity for defendants to remove a case on the basis of diversity jurisdiction when the identities of those "fictitious" defendants are unknown. Title 28 U.S.C. § 1441 is not meant to use the statutory mandates requiring anonymity, such as Indiana's Medical Malpractice Act, to ignore issues of federal subject matter jurisdiction.

Although we recognize that the court in *Thornburg* reached a different conclusion, the Anonymous Physician here has been served and his counsel has appeared in this case and declared his Anonymous Physician's citizenship to be Indiana, just like Plaintiffs. It would be a jurisdictional fiction to turn a blind eye to the lack of jurisdiction and allow this case to remain in the federal court. We do not agree that the mere possibility that Plaintiffs may not amend their complaint to identify the anonymous defendant by name satisfies the

12

requirements of diversity subject matter jurisdiction. Plaintiff has sued the anonymous defendant. The anonymous defendant has appeared and asserted his citizenship as a judicial fact. As in the *Shepherd v. Coviden* case, the entire case could be disposed of while defendant remains anonymous. The anonymity of Defendant is not a substitute for ensuring the Court's subject matter jurisdiction to hear and resolve Plaintiffs' claims.

**IV.  Conclusion.**

For the foregoing reasons, we adopt Magistrate Judge Dinsmore's Report and Recommendation to remand this case to state court for lack of subject matter jurisdiction. This case is REMANDED. The Clerk is directed to take the necessary administrative steps to effect its transfer to the Marion Superior Court from whence it was originally removed.

Date:  __1/5/2015___

*[Signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana